# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL J. NUSBAUM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1032 |
| | ) | |
| MBFG LIMITED PARTNERSHIP | ) | |
| d/b/a/ MONTEREY BAY FISH | ) | |
| GROTTO, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

AND NOW, this 20th day of August, 2009, upon consideration of Plaintiff's Motion to Commission Michael Jones as Authorized Deposition Officer Pursuant to Federal Rule of Civil Procedure 28(a)(1) (Docket No. 75) and Defendant's response thereto (Docket No. 77), Plaintiff's motion is hereby DENIED.

Plaintiff has requested that this Court commission Michael Jones, a videographer Plaintiff has retained for the purposes of recording depositions in this matter, as an authorized deposition officer pursuant to this Court's power under Federal Rule of Civil Procedure 28(a)(1)(B).  (Docket No. 75 at 12).  Plaintiff further asks that this Court permit him to transcribe the videotaped depositions himself, and deny Defendant's request that he be required to hire a certified court reporter to attend and simultaneously transcribe any depositions he notices.  (*Id.*).

Plaintiff's requests are based on the fact that he claims he is not financially able to pay for a certified court reporter to transcribe the depositions he has noticed, nor is he able to afford a notary to serve as the deposition officer.  (*Id*. at 1-2).  However, as detailed below, the Court cannot risk the possibility of an inaccurate transcript or a breakdown in the chain of custody of the videotaped

depositions were the Court to allow Plaintiff to proceed as he proposes, as this would potentially prejudice Defendant or delay these proceedings.

First, in regard Plaintiff's request that this Court commission Michael Jones as an authorized deposition officer, the Federal Rules of Civil Procedure provide that an officer's duties are, in part, as follows:

> (5) Officer's Duties.
> (A) Before the Deposition. Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:
>
>> (i) the officer's name and business address;
>> (ii) the date, time, and place of the deposition;
>> (iii) the deponent's name;
>> (iv) the officer's administration of the oath or affirmation to the deponent; and
>> (v) the identity of all persons present.
>
> (B) Conducting the Deposition; Avoiding Distortion. If the deposition is recorded nonstenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.
>
> (C) After the Deposition. At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

FED. R. CIV. P. 30(b)(5).  In addition, the deposition officer has further responsibilities related to verifying the accuracy of the deposition and preserving the chain of custody of the recording and/or transcript.  *See* FED. R. CIV. P. 30(e) and FED. R. CIV. P. 30(f).

Here, Mr. Jones is not authorized to administer oaths either by federal law or the laws of the Commonwealth of Pennsylvania.  While his curriculum vitae indicates that he is qualified as a videographer, there is no indication that he has ever recorded a deposition or served as a deposition

2

officer. (Docket No. 75 at 1-2; Docket No. 75-2 at 2-3).  It appears that prior to Plaintiff's engagement of Mr. Jones, Mr. Jones was not familiar with the role of a deposition officer or the Federal Rules of Civil Procedure, as Plaintiff has represented to the Court that he has spent several hours instructing Mr. Jones on same.  (Docket No. 754-5).  Thus, given Mr. Jones' inexperience with the Federal Rules of Civil Procedure and the conduct of depositions, the Court finds Defendant's objections to Mr. Jones serving as deposition officer valid.  Quite simply, this Court cannot risk the integrity of the recording by allowing a person with no previous experience as either a deposition videographer or deposition officer to serve as both.[1]

Second, in regard to Plaintiff's contention that he should be permitted to transcribe videotaped depositions himself pursuant to Rule 30(b)(3)(A), the Court finds Plaintiff's arguments unpersuasive.  Rule 30(b)(3)(A) provides that:

> (3) Method of Recording.
>
>> (A) Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

Fed. R. Civ. P. 30(b)(3)(A).  Plaintiff contends that the provision that "[a]ny party may arrange to transcribe a deposition" should be interpreted to permit him, as a party to this litigation, to transcribe

---

[1]

Despite Plaintiff's arguments otherwise, the Court notes that the purpose of the language in Rule 28(a) is not to minimize costs but rather to provide district courts with the power to appoint an officer "when depositions must be taken in an isolated place where there is no one readily available who has the power to administer oaths and take testimony,"  Advisory Committee's Note on 1946 Amendments to Fed. R. Civ. P. 28.

the videotaped depositions.  (Docket No. 75 at 10).  However, as Defendant correctly points out, Plaintiff has an interest, financial and otherwise, in the outcome of this litigation.  (Docket No. 76 at 3).  Accordingly, the Court finds that it would be inappropriate for Plaintiff to prepare transcripts of the videotaped depositions.  This is especially true given the acrimonious tenor of this litigation to date, and the high likelihood that Defendant would challenge the accuracy of any transcript prepared by Plaintiff.[2]

At the same time, the Court is cognizant of the fact that Plaintiff is attempting to minimize his costs while at the same time complying with the Federal Rules.  To that end, the Court does not believe it is necessary to require that a certified court reporter simultaneously transcribe all depositions he notices, as Defendant proposes.  (*See* Docket No. 76 at 4).  Under the Federal Rules Plaintiff is permitted to conduct a videotaped deposition so long as it is taken before an appropriate deposition officer.  Fed. R. Civ. P. 30(b)(3)(A); Fed. R. Civ. P. 28(a)(1)(A).  The purpose of the rule is to "enable parties to pursue less expensive and more responsive deposition recording techniques." Moore's Federal Practice § 30.23[1][b] (3d ed. 2009).  If Defendant wishes to have a court reporter present at the depositions noticed by Plaintiff, it may due so, at its own cost, pursuant to Fed. R. Civ. P. 30(b)(3)(B).

The Court notes that a transcript of the videotaped deposition will be required: 1) for pretrial disclosures pursuant to Rule 26(a)(3)(A)(ii); 2) if the deposition will be offered as evidence at trial

---

[2]

The Court notes that the instant dispute is just one of many discovery disputes that have been brought to the Court's attention during the course of this litigation.  (*See, e.g.,* Docket Nos. 54, 65, 77).

4

pursuant to Rule 32(c); 3) if the deposition will be used to impeach a witness at trial; or 4) if the deposition is used to support a dispositive motion pursuant to Rule 56.  *See* FED. R. CIV. P. 26(a)(3)(A)(ii); FED. R. CIV. P. 32(c); FED. R. CIV. P. 56; W.D.PA.LR. 56.  To that end, if this litigation reaches a point at which Plaintiff is required produce a transcript of any of his videotaped depositions pursuant to the aforementioned rules, Plaintiff shall confer with Defendant to select a mutually agreed upon court reporter to undertake the transcription.  Thereafter, he and Defendant shall share equally in the cost of such transcription.[3]

Finally, the Court notes that although Plaintiff was granted leave to proceed *in forma pauperis* (Docket No. 3), "such status does not relieve him of the duty to pay his share of the cost of discovery." *Murray v. Palmer*, Civ. A. No. 03-1010, 2006 U.S. Dist. LEXIS 61218 (N.D.N.Y Aug. 29, 2006).  Furthermore, since this court granted Plaintiff *in forma pauperis* status in July of 2007, his financial position has improved.  Notably, Plaintiff is now employed and earning an income.  (Docket No. 76-2).  Thus, while this Court understands Plaintiff's wish to minimize costs, he has not demonstrated to this Court any reason why he should not bear the costs necessary to ensure the accuracy and integrity of the depositions he has noticed.

For the foregoing reasons, Plaintiff's motion [75] is DENIED, and the Court ORDERS as follows:

(1)     All depositions noticed by Plaintiff must be taken before an officer authorized to administer oaths either by federal law or by the Commonwealth of Pennsylvania pursuant to Federal Rule of Civil Procedure 28(a)(1);

---

[3]

As the Court has formerly suggested to Plaintiff, he can negotiate for the best rate among numerous court reporters in this area.

5

(2)     Plaintiff may not transcribe videotaped depositions himself; and

(3)     If the instant litigation reaches a point at which Plaintiff is required produce a transcript of any of the videotaped depositions pursuant to Federal Rules of Civil Procedure 26(a)(3)(A)(ii), 32(c), or 56; the Local Rules of this district; or this Court's policies and procedures, Plaintiff shall confer with Defendant to select a mutually agreed upon court reporter to undertake the transcription.   Thereafter, he and Defendant shall share equally in the cost of such transcription.


*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge


cc/ecf:  All counsel of record.