**EXHIBIT B**



**Daniel Nusbaum <nusbaum2@gmail.com>**

# Letter
1 message

**Daniel Joshua Nusbaum <nusbaum2@gmail.com>**     Fri, Aug 21, 2009 at 1:00 PM
To: ckepplinger@eckertseamans.com, jnorris@eckertseamans.com
Bcc: nusbaum2@gmail.com

Christina and Jim,

Please see the attached letter.

Sincerely,

Daniel J. Nusbaum
329 Highland Road
Pittsburgh, PA 15235
(917) 567-3168 (mobile)
nusbaum2@gmail.com

 **Response to Defendant's 080409 Meet and Confer Letter.pdf**
40K

# DANIEL J. NUSBAUM
**329 Highland Road**
**Pittsburgh, Pennsylvania 15235**
**(917) 567-3168 (mobile)**
**nusbaum2@gmail.com**

August 21, 2009

<u>Via Electronic Mail</u>

Christina I. Kepplinger, Esq. (ckepplinger@eckertseamans.com)
James H. Norris, Esq. (jnorris@eckertseamans.com)
Eckert Seamans Cherin & Mellott, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219

      Re:   *Nusbaum v. MBFG Limited Partnership d/b/a Monterey Bay Fish Grotto*, No. 2:07-cv-01032 (NBF)

Dear Ms. Kepplinger and Mr. Norris:

      In order to facilitate the meet and confer process mandated by the Court in its August 13, 2009 Order, the purpose of this letter is to communicate Plaintiff's positions on each of the disputed matters raised in your Motion to Compel and your letter dated August 4, 2009 (the "August 4 Letter").

<u>Document Production</u>

      Your August 4 Letter begins with the contention that "the documents produced by [Plaintiff] do not comply with Fed. R. Civ. P. 33(b)(2)(E)(i)[1] in that they are not organized and labeled to correspond to the categories in the requests." However, this is not the only manner by which a party may produce responsive documents. Under Rule 34(E)(i), a party may instead elect to "produce documents as they are kept in the usual course of business." This is the manner Plaintiff has chosen; the order of the responsive documents produced by Plaintiff are identical to the order in which those documents appear in the file system Plaintiff maintains in the ordinary course of business (and which he has utilized, without change, since mid-2002). Accordingly, Plaintiff's production of documents fully complies with this aspect of Rule 34(b). Recently, in our conversation of August 18, 2009, you agreed that this was "fine."

---

[1]    Because Rule 33(E)(i) does not exist, Plaintiff assumes that this is a typographical error, and that counsel actually meant to reference Fed. R. Civ. P. 34(b)(2)(E)(i).

-2-

You have also requested that Plaintiff produce the handwritten notes made during the February 13, 2006 meeting and specifically identified in Plaintiff's Initial Disclosures. Plaintiff has already produced this document as DN 000849. (Because it has already been produced in connection with the Initial Disclosures, it is unnecessary to respond to your assertion that its production would be required by your Request for Production of Documents No. 4.) In the August 18 conversation, you agreed that this was in fact the case.

Privileged Documents

As discussed on August 18, Plaintiff has agreed to withdraw his assertion of privilege as to each of the documents and redactions contained in his privilege log. As discussed, they will be sent to you by the end of this week.

Very truly yours,

Daniel J. Nusbaum